# *Exhibit A*

FILED
MCLENNAN COUNTY
7/24/2020 3:57 PM
JON R. GIMBLE
DISTRICT CLERK
Tiffany Crim

NO. 2020-2328-3

| | | |
|---|---|---|
| MONICA A. BRICKER,<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 74TH JUDICIAL DISTRICT |
| SCOTT & WHITE MEMORIAL<br>HOSPITAL d/b/a BAYLOR SCOTT &<br>WHITE CLINIC - TEMPLE<br>NORTHSIDE a/k/a BAYLOR SCOTT<br>& WHITE HEALTH<br>Defendant | §<br>§<br>§<br>§<br>§<br>§ | MCLENNAN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, MONICA A. BRICKER, complains of SCOTT & WHITE MEMORIAL HOSPITAL d/b/a BAYLOR SCOTT & WHITE CLINIC - TEMPLE NORTHSIDE a/k/a BAYLOR SCOTT & WHITE HEALTH, hereinafter referred to as Defendant, and files this Original Petition and for such would show the Court and Jury the following:

### NATURE OF SUIT

This is a suit against Defendant complaining of disability discrimination, retaliation, and discrimination based on her use of medical leave based on *the Texas Commission on Human Rights Act, V.T.C.A. Texas Labor Code* §§ 21.001 et. seq.; *Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e)(Title VII);* the *Americans with Disabilities Act of 1990, 42 U.S.C. Ch.21 § 12101 et seq.* (ADA), *as amended by the Americans with Disabilities Act Amendments Act of 2008* (ADAAA); *the Family and Medical Leave Act of 1993, 29 U.S.C. 2601 et seq. (FMLA), and the*

*Pregnancy Discrimination Act, 42 U.S.C. §200e(k)* seeking damages for job termination and other related damages allowed by said law.

## DISCOVERY CONTROL PLAN

1. Discovery shall be conducted under T.R.C.P. 190.4 (Level 3).

## PARTIES

2. Plaintiff is Monica A. Bricker, an individual who is a resident of Texas. Defendant is a Texas corporation.

3. Defendant is one or more entities with which Plaintiff was employed and was discharged from employment on or about July 18, 2019. Plaintiff brings this suit under the authority of Texas Rule of Civil Procedure 28, which allows any partnership, unincorporated association, private corporation, or individual doing business under an assumed name to sue or be sued in its partnership, assumed or common name. Plaintiff brings this suit against the entity with which Plaintiff was employed and was discharged from employment on July 18, 2019. At all times relevant to this suit, Defendant did business at 409 West Adams Avenue, Temple, Texas and used the common and/or assumed names Scott & White Memorial Hospital, Baylor Scott & White Clinic - Temple Northside, and/or Baylor Scott & White Health while employing Plaintiff. Therefore, Plaintiff uses these names in this suit against the true entity or entities that employed, injured, discriminated against, and discharged Plaintiff from employment with it. Should it be determined that the entity who employed Plaintiff and terminated her from employment was doing business under another or different name(s), Plaintiff reserves the right to amend this petition and name such entity under the other name(s). Defendant may be served with process by serving its registered agent for service:

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

**JURISDICTION/VENUE**

4. The Court has jurisdiction over this suit because the facts of this cause of action arise under the *Texas Commission on Human Rights Act, V.T.C.A. Labor Code* §§ 21.001 et seq., hereinafter the "*TCHRA;*" *Title VII of the Civil Rights Act of 1964 ,42 U.S.C. § 2000e)(k)(Title VII); the Pregnancy Discrimination Act (the "PDA")*; the *Americans with Disabilities Act of 1990, 42 U.S.C. Ch.21 § 12101 et seq.* ("ADA"), *as amended by the Americans with Disabilities Act Amendments Act of 2008* ("ADAAA"); and *the Family and Medical Leave Act of 1993, 29 U.S.C. 2601 et seq. ("FMLA")*. At all times relevant to this action, Plaintiff was a female and alleges that she was an "employee" who was a "qualified individual with a disability" (i.e., Plaintiff satisfied all the skill, experience, education and other job-related selection criteria of her position with Defendant despite her disability or with a reasonable accommodation) and Defendant was an "employer" as those terms are defined under the *TCHRA* and the *ADA/ADAAA*. This Court also has jurisdiction over this suit because the facts of this cause of action arise under the *Family and Medical Leave Act of 1993,* hereinafter the "*FMLA"* and its regulations contained in *Title 29, Part 825 of the Code of Federal Regulations*, as amended.

5. Plaintiff alleges that Defendant has a principal office in McLennan County, Texas.

# FACTS

6. Plaintiff was a female employee of Defendant, as a Patient Service Specialist III, at Defendant's Temple, Bell County, Texas location at the time of her termination. Plaintiff worked as a full time employee of Defendant from September 5, 2000 until she was illegally discharged on or about July 18, 2019. Plaintiff was transferred by Defendant to Defendant's Temple Northside medical clinic in August 2015.

7. Plaintiff is a person who had and has the physical impairment of Type I diabetes at all relevant times hereto, which substantially limits her endocrine system and her eyes and amounts to a disability, as defined by the *TCHRA* and the *ADAAA*. Plaintiff also had and has the physical impairment of migraine headache that substantially limits her neurological system, on occasion, when it is active, and amounts to a disability, as defined by the *TCHRA* and the *ADAAA*.

8. When Plaintiff first began working for Defendant at the Temple Northside clinic she initially worked in the back office, which allowed Plaintiff to be accommodated for her disability. In order to properly care for her diabetes, Plaintiff must monitor her blood sugar, take insulin and eat snacks periodically in order to keep her blood sugar at the correct levels. In December 2018, Plaintiff was told she was going to be moved to the front office to work. Plaintiff explained that it would be difficult, if not impossible for her to adequately be accommodated for her disability due to the constant interactions with the public. Plaintiff complained to her supervisors that being in the front office was going to be problematic for the proper handling of her diabetes.

9. In January 2019, Plaintiff was required to move to the front office. At that time, Plaintiff was also having problems with her eyes due to her diabetes. Plaintiff was receiving injections in her eyes for these problems. This affected Plaintiff's vision and her ability to work as quickly as she

does when she is not having the vision issues. Plaintiff requested the reasonable accommodation of being allowed to work from the back office where she was able to properly care for her diabetes and because of her problems with her vision due to her diabetes. Defendant said they would allow her to go to the back when needed to care for her diabetes; however, she had to work at the front office. On several occasions when Plaintiff would leave the front to go to the back to take check her blood sugar, take insulin, and/or eat a snack related to the regulation of her insulin level, Defendant's employees would intentionally page Plaintiff to return to the front and not allow Plaintiff the time needed to properly care for her diabetes.

10. Plaintiff received disciplinary actions due to her job performance at the front office. Defendant was not allowing any accommodation for Plaintiff due to her vision problems and not being able to monitor her diabetes properly due to her being in the front office.

11. Throughout her employment by Defendant, Plaintiff had approved intermittent medical leave due to her diabetes disability under the *FMLA*. Plaintiff's supervisors began attempting to interfere with Plaintiff's intermittent FMLA leave by asking her to change the date of appointments when one was scheduled.

12. Plaintiff was undergoing in vitro fertilization (IVF) treatment in an effort to get pregnant in June 2019. Plaintiff needed to be monitored very closely due to the fact that she has the disability of Type I Diabetes. Plaintiff's diabetes doctor was monitoring Plaintiff's medications related to the IVF. Plaintiff's FMLA case manager contacted Plaintiff and told her that Plaintiff's supervisor had asked the FMLA case manager if Plaintiff's FMLA was for her diabetes or pregnancy. Plaintiff requested Short Term Disability for the IVF procedure, but it was denied.

13. By mid July 2019 Plaintiff was having serious difficulty regulating her blood sugar due to her disability and was not feeling well. On July 15, 2019 Plaintiff was late for work because her blood sugar level was too low causing her to feel very ill. Plaintiff used her FMLA for the time off. On July 16, 2019 Plaintiff's blood sugar was still too low, so Plaintiff went to see her doctor for a couple of hours and used her FMLA leave for the time off work. On July 17, 2019, Plaintiff was experiencing a migraine headache and had started vomiting, so she made an appointment to see one of the doctors at the clinic in which she worked. Plaintiff was given orders by the doctor to go home and excused her from work until July 19, 2019. Plaintiff used her FMLA for those days off work. All of the absences were for serious medical conditions as defined by the FMLA and its regulations.

14. When Plaintiff returned to work from her FMLA leave on July 19, 2019 she was notified that she was terminated. Defendant had terminated her on July 18, 2019 while she was out on FMLA.

## CAUSES OF ACTION

**Violation of Chapter 21 Texas Labor Code, Title VII, PDA, & the ADA/ADAAA**

15. Plaintiff is a person with an impairment and is a "qualified individual with a disability," as that term is defined under the *Texas Labor Code §§ 21.001 et seq.*, hereinafter the "*TCHRA*;" *Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e)(Title VII)*; and the *Americans with Disabilities Act of 1990, 42 U.S.C. Ch.21 § 12101 et seq.* (ADA), *as amended by the Americans with Disabilities Act Amendments Act of 2008* (ADAAA). At all times relevant to this action, Plaintiff alleges that she was an "employee" who was a "qualified individual with a disability"(i.e., Plaintiff satisfied all the skill, experience, education and other job-related selection criteria of her position with Defendant despite her disability or with a reasonable accommodation) and Defendant was an

"employer" as those terms are defined under the *TCHRA, Title VII,* and the *ADA/ADAAA*. At all times relevant to this action, Plaintiff was an "employee" and Defendant was an "employer" as those terms are defined under the *TCHRA, Title VII,* and the *ADA/ADAAA*.

16. As stated above, at all relevant times to this suit, Plaintiff had the physical impairments of diabetes, eye issues, and migraine headache that substantially limited one or more major life activities, a record of such an impairment, and/or was regarded as having such an impairment by Defendant, which resulted in a disability as defined by *TCHRA* and the *ADA/ADAAA*. Plaintiff alleges that she was able and qualified to do the essential functions of her regular job, with or without a reasonable accommodation, at the time of her termination.

17. Plaintiff alleges that the actions described above were the cause of or motivating factors for her termination because of her disability, Plaintiff's record of a disability, Defendant regarding her as being disabled in violation of the *TCHRA*, *Title VII,* the *ADA/ADAAA*, and/or Plaintiff's need to take leave regarding her own serious health condition under those laws and/or the *FMLA*, resulting in damages as hereinafter set forth. Further, Defendant failed to grant Plaintiff reasonable accommodations to include, but not limited to, the leaving the front office when needed and/or allowing her to work in the back office to better deal with her disability, as described above and as allowed by the *TCHRA* and the *ADA/ADAAA*. Defendant also Plaintiff requested Short Term Disability for the IVF procedure, but it was denied, as described above, which denial was discriminatory because of her pregnancy and a violation of the *PDA, Title VII,* and the *TCHRA*.

18. Plaintiff also alleges that the actions described above were a motivating factor for her termination because of her treatment in an effort to get pregnant in violation of the *PDA*, *TCHRA*. and *Title VII,* which resulted in the damages as hereinafter stated.

## Retaliation

19. As stated above, Plaintiff opposed/complained to management of Defendant about being discriminated against because of her efforts to get pregnant, her Disability, and/or requesting or using a reasonable accommodation for her disability. Thereafter, Defendant retaliated against Plaintiff by failing to grant her any reasonable accommodation, short term leave, and/or terminating her employment on July 18, 2019 because she had requested a reasonable accommodation and/or had complained/opposed the above illegal activity by Defendant, all of which violated the *ADA*, *the PDA*, the *TCHRA*. and *Title VII,* which resulted in the damages as hereinafter stated.

## Violation of FMLA

20. As alleged above, Defendant was subject to the *FMLA* and Plaintiff was protected by said law because of her serious health condition qualifying under the *FMLA,* as described above. Plaintiff was entitled to take reasonable leave, not to exceed a total of 12 workweeks of leave during any 12-month period, to care for herself because of a serious health condition, as described under the *FMLA* and *Title 29 § 825 of the Code of Federal Regulations*.

21. Defendant's willful and intentional termination of Plaintiff's employment, under the circumstances described above, was a violation of the *FMLA* resulting in damages as hereinafter set forth.

22. The *FMLA* prohibits an employer from interfering with, restraining, or denying the exercise of any rights provided by said law, and the regulations, or from discharging an employee because of instituting any proceeding under said law. Plaintiff alleges that Defendant violated both her *prescriptive* and *proscriptive* rights under the FMLA by taking actions, including, but not limited to, the following:

A. Defendant interfered with the exercise of Plaintiff's rights under the *FMLA* by refusing to allow Plaintiff to utilize the *FMLA* to protect her absences as described above.

B. The *FMLA* provides that an employer cannot use the taking of *FMLA* leave as a negative factor in employment actions, such as disciplinary actions. Defendant's use of the taking of the intermittent and/or emergency *FMLA* leave by Plaintiff, for her own self-care, in the decision to discharge her, was a violation of said law.

C. Defendant's action in discharging Plaintiff violated said law.

D. Defendant retaliated against Plaintiff for exercising her rights under the *FMLA* when it discharged her and refused to allow her to return to her previous or comparable position.

Defendant's discrimination against Plaintiff as described above resulted in damages as hereinafter set forth.

## DAMAGES

23. As a result of the violation of *Title VII*, *TCHRA*, *PDA,* and/or the *ADA/ADAAA,* as described above, Plaintiff has lost past and future wages and benefits of employment. Further, Plaintiff has suffered past and future compensatory damages, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff hereby sues for reimbursement of said damages.

24. As a result of the violation of the *FMLA*, as described above, Plaintiff has suffered the loss of past and future wages, employment benefits, and other compensation lost as a result of the violations.

## PUNITIVE DAMAGES

25. Defendant's wrongful actions in terminating Plaintiff were done knowingly, intentionally, with malice, and/or recklessly or with gross negligence in violation of Plaintiff's state

and/or federal protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant.

## LIQUIDATED DAMAGES

26. Defendant's bad faith and unreasonable wrongful actions in violating Plaintiff's rights under the *FMLA* should result in the Court awarding an additional sum as liquidated damages equal to the damages awarded for all of the foregoing economic damages of Plaintiff.

## INJUNCTION/EQUITABLE RELIEF AGAINST DEFENDANT

27. On a finding that Defendant has engaged in an unlawful practice(s), as alleged above, Plaintiff requests the Court to prohibit by injunction the Defendant from engaging in the unlawful employment practice(s) and order any and all additional equitable relief as may be appropriate as listed and set out in *Title VII,* § 21.258 of the *Texas Labor Code,* and the *ADA*, including reinstatement to her job, if reasonably possible at the time and under the circumstances then existing.

## ATTORNEY FEES

28. Plaintiff has also had to employ an attorney to vindicate her rights for being terminated, and seeks reasonable and necessary attorney fees as allowed by law.

## EQUITABLE RELIEF

29. The Court should award appropriate equitable relief such as an injunction against further wrongful acts and/or reinstatement, if reasonably possible under the circumstances then existing.

## ADMINISTRATIVE PREREQUISITES

30. Plaintiff alleges that all conditions precedent to the causes of action under the *TCHRA*, *Title VII and the ADA/ADAA* or any other law have been performed or have occurred, including exhausting all required administrative remedies. Plaintiff timely filed a complaint of discrimination

with the Texas Workforce Commission-Civil Rights Division within 180 days of her termination (which is a joint filing with the EEOC), cooperated with the investigation, received a right to sue from the TWCCRD and the EEOC, and has filed this suit after receiving the rights to sue.

## JURY DEMAND

31. Plaintiff respectfully demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff requests that on final hearing, Plaintiff be awarded damages, as stated above, punitive damages, attorney fees, costs of court to include expert witness fees, prejudgment interest, injunctive relief, reinstatement, if possible, and such other relief, both at law and in equity, as Plaintiff may be justly entitled.

WASH & THOMAS
Attorneys at Law
6613 Sanger Ave.
Waco, Texas 76710
(254) 776-3611
(254) 776-9217 - Fax Number
Email- danwash@washthomas.com

By:    */s/Danny C. Wash*
      Danny C. Wash
      State Bar No. 20896000
      Attorney for Plaintiff